IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THERESA HOLLEY, as personal Representative of the Estate of JEFFEREY FULLER, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:15cv439-WHA |
| ALABAMA DEPARTMENT OF CORRECTIONS, et. al, | ) ) ) | (wo) |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

This cause is before the court on two Motions to Dismiss (Doc. #1-5, 8), filed by Defendants Alabama Department of Corrections, Kilby Correctional Facility, Phyllis J. Billups, William G. Sharp, and Ruth Naglich.

The Plaintiff filed a Complaint in the Circuit Court of Montgomery, Alabama bringing only a state law claim. Named as Defendants were the Alabama Department of Corrections ("ADOC"), Kilby Correctional Facility, Corizon Health, Phyllis J. Billups, William G. Sharp, and Ruth Naglich.   While the case was pending in state court, Defendant Corizon filed an Answer and other Defendants filed a Motion to Dismiss.   The Plaintiff then filed an Amended Complaint.[1] The Plaintiff brings claims for negligence (Count One)(Doc. #1-3), wrongful death (Count Two)(Doc. #1-6), negligence and wrongful death (Count Three), and deliberate indifference to serious medical needs under 42 U.S.C. §1983 (Count Four).[2]

---

1 The Plaintiff in the Complaint was Jefferey Fuller.   The Plaintiff in the Amended Complaint is Theresa Holley, as personal representative of the Estate of Jefferey Fuller.

2 The Amended Complaint incorporated the original Complaint by reference.   The initial Motion

The case was removed to federal court on the basis of federal question jurisdiction. No motion to remand was filed, and the court has federal question subject matter jurisdiction over the federal claim, and can exercise supplemental jurisdiction over the state law claims.

Corizon Health filed an Answer to the Amended Complaint. The other Defendants filed a Motion to Dismiss the Amended Complaint.

For reasons to be discussed, the Motions to Dismiss are due to be GRANTED, but some of the Plaintiffs' claims are due to be dismissed without prejudice to being repled.

## II.   MOTION TO DISMISS

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555.

---

to Dismiss is directed to the Complaint, and the second Motion to Dismiss is directed to the Amended Complaint.

### III.  FACTS

The allegations of the Plaintiff's Complaint and Amended Complaint are as follows:

In October of 2014, Jefferey Fuller ("Fuller") was transferred from the Tallapoosa County Jail to Kilby Correctional Facility.  The Amended Complaint alleges that Fuller was to be paroled around February 14, 2015.

The Amended Complaint alleges that upon his arrival at Kilby Correctional Facility, Fuller was complaining about stomach pains and nausea.  The Amended Complaint further alleges that Fuller's intestines ruptured and he developed sepsis.[3]  According to the Plaintiff, on February 12, 2015 a chaplain contacted Fuller's family to say that Fuller was "probably not going to make it." (Doc. #1-6 at p.3).  A Sergeant at Kilby Correctional Facility asked Fuller's family to come to Jackson Hospital.

When the family arrived, they were told by the staff at Jackson Hospital that Fuller's foot "was like that when he got here."  (Doc. 1-6 at p.3).  The family was informed that Fuller had had one leg amputated and would have another leg amputated but would be paroled early.

On February 13, 2015, Jackson Hospital determined that the remainder of Fuller's left leg would have to be amputated.  Fuller died of his illness.

Defendant William G. Sharp ("Sharp") was at the time of the events in question the Interim Commissioner of the Department of Corrections.  Phyllis J. Billups ("Billups") was the Warden of Kilby Correctional Facility.  Ruth Naglich ("Naglich") was the Associate Commissioner of Health Services.  The three individual Defendants are sued in their official and individual

---

3 While the Complaint and Amended Complaint refer to ruptured intestines in the fact sections, the claim in Count Four refers to a ruptured appendix and ruptured intestines (Doc. #1-6).

capacities.

## IV.  DISCUSSION

The Defendants move for dismissal on the grounds of failure to state a claim, as to the State Defendants on Eleventh Amendment and sovereign immunity grounds, and as to the individual Defendants on the basis of qualified and state-agent immunity.  The court will address each of these grounds for dismissal in turn.

### A.  Failure to State a Claim

The Defendants state that the Amended Complaint fails to state a substantive due process claim and a Fourteenth Amendment deliberate indifference claim.

With respect to the due process claim, the Defendants argue that the Eighth Amendment is the Plaintiff's avenue for relief.  The Plaintiff argues that denial of medical care can rise to the level of deprivation of due process, citing *Westlake v. Lucas*, 537 F.2d 857, 859 (6th Cir. 1976).  The Eleventh Circuit has made it clear, however, that deliberate indifference to a prisoner's serious medical needs is a violation of the Eighth Amendment, and the Fourteenth Amendment due process clause governs pre-trial detainees.  *Gobert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir 2007).  The court has also held that substantive due process does not provide greater protection than the Eighth Amendment.  *Edwards v. Gilbert*, 867 F.2d 1272, 1274 (11th Cir. 1989).

Accordingly, the Fourteenth Amendment substantive due process and deliberate indifference are dismissed with prejudice.

### B. Dismissal Based on Immunity of State Defendants

The Defendants have moved to dismiss the claims against ADOC, Kilby Correctional Facility, and the individual Defendants in their official capacities on the basis of Eleventh

Amendment and sovereign immunity. In response, the Plaintiff states that she does not object to the dismissal of the Alabama Department of Corrections or Kilby Correctional Facility. (Doc. #15 at p.4).

The Plaintiff does not respond to the Defendants' Eleventh Amendment or sovereign immunity arguments with respect to the individual Defendants in their official capacities, or argue for any exception. "Lawsuits against a state official in his or her official capacity are suits against the state when 'the state is the real, substantial party in interest.'" *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524 (11th Cir. 1990); *see also Haley v. Barbour Cnty.*, 885 So. 2d 783, 788 (Ala. 2004) (stating "claims against state officers in their official capacity are 'functionally equivalent' to claims against the entity they represent.").

Accordingly, the claims against the Alabama Department of Corrections, Kilby Correctional Facility, and Phyllis Billups, William G. Sharp, and Ruth Naglich in their official capacities are due to be dismissed on the basis of Eleventh Amendment and sovereign immunities.

C. Dismissal Based on Qualified Immunity to Federal Claims

The Defendants move for dismissal of the Eighth amendment claim against the individual Defendants on the basis of qualified immunity.

The Plaintiff states that Billups, Sharp, and Naglich can be held directly liable because they were personally involved in the constitutional violations that led to Fuller's death. She argues that each of these Defendants knew that Fuller was suffering from severe medical conditions, starting with appendicitis, leading to a ruptured appendix, and then septicemia. She states that the Amended Complaint alleges that, in spite of this knowledge, they failed to act as a patient advocate, failed to monitor and assess his condition, failed to timely transfer Fuller to an outside hospital, failed to diagnose or treat the medical issue, failed to diagnose or treat the ruptured

5

intestines, failed to diagnose or treat sepsis, and failed to prevent amputation of his leg. Finally, the Plaintiff states that the Defendants improperly placed Fuller on parole to avoid the cost of medical care. The Plaintiff urges the court to infer knowledge on the part of the individual Defendants as a basis for concluding that they personally participated in a constitutional violation and that they established a custom or policy causally related to a violation of constitutional rights.

      The Defendants' position is that the Amended Complaint does not allege that the Defendants had any subjective knowledge that any of their actions and/or inactions would pose a risk of serious harm. The Defendants also state that the individual Defendants relied on the judgment of medical professionals. As to a theory that the individual Defendants could be indirectly liable if their actions bore a causal relationship to a violation of rights, the Defendants state that the Plaintiff has not alleged a plausible claim that any of the individual Defendants adopted a custom or policy that resulted in deliberate indifference.

      Count Four brings claims against all of the Defendants in one count, and incorporates all of the allegations of the preceding paragraphs, and the original Complaint. The facts about Fuller's condition while at the prison which are alleged in the Complaint and Amended Complaint are that Fuller complained to unspecified people about his stomach when he arrived at Kilby in October 2014, that while he was at Kilby his intestines ruptured and he developed sepsis, and when his family arrived at the hospital they were told by hospital staff that his foot was "like that when he got here," apparently in reference to an amputation of his foot. In Count Four, the Amended Complaint also states that all of the Defendants, including ADOC, Corizon Health, Inc., the individual Defendants, and fictitious parties, had knowledge that Fuller was suffering medical conditions starting with appendicitis, and leading to a ruptured appendix. (Doc. #1-6 at p.6). Count Four also states that those Defendants who were supervisory officials failed to develop

adequate policies regarding handling issues of inmates with appendicitis and a ruptured intestine. (Doc. #1-6 at p.7).

The court cannot conclude that these facts are sufficient to support a theory of knowledge or a policy or custom on the part of the individual Defendants. Therefore, the Eighth Amendment claims are due to be dismissed, but the court will give the Plaintiff additional time to replead her claims. She should separate out her federal claims by Defendant, and allege facts which support her theory of knowledge and establishment of a policy or custom as to each Defendant separately, if she can allege additional facts within the requirements of Rule 11. *See United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006)(rejecting as a shotgun pleading a complaint which incorporated sixty-eight paragraphs by reference into Count One which itself included 10 paragraphs).

### D.  Dismissal Based on State Agent Immunity

The Defendants move to dismiss the state law claims against the individual Defendants in their individual capacities on the basis of state-agent immunity.

The Plaintiff responds that state agents are not protected by State-agent immunity if they fail to discharge duties pursuant to detailed rules or regulations such as those in a checklist, but also states that the Plaintiff does not have the rules or regulations which apply in this case because discovery has not occurred in this case. The Plaintiffs asks for time to obtain records, or the opportunity to amend her Complaint. Because the court finds it appropriate to allow the Plaintiff time in which to replead her Eighth Amendment claim against Billups, Sharp, and Naglich, the court will also give the Plaintiff additional time in which to plead more particularly her state law claims.

### V.  CONCLUSION

For the reasons discussed, it is hereby ORDERED that the Motions to Dismiss (Doc. #1-5) and (Doc. #8) are GRANTED as follows:

1. The Plaintiff's substantive due process and Fourteenth Amendment deliberate indifference claims are dismissed with prejudice.

2. The Alabama Department of Corrections, Kilby Corrections Facility, Phyllis J. Billups, William G. Sharp, and Ruth Naglich in their official capacities are DISMISSED as Defendants in this case on the basis of Eleventh Amendment and sovereign immunity.

3. The Eighth Amendment and state law claims against Defendants Billups, Sharp, and Naglich in their individual capacities are dismissed without prejudice to being repled. If the Plaintiff can allege facts within the requirements of Rule 11 which state more particularly in separate counts the role of each of these Defendants individually in the alleged violation of the Plaintiff's rights under the Eighth Amendment and state law, she has until September 21, 2015 to file a new Amended Complaint which, in accordance with the requirements of the Local Rules (M.D. Ala. Local Rule 15.1) is complete unto itself, and which separately sets out, in separate counts, the claims against each of these Defendants as discussed above. This Amended Complaint, since it must be complete and cannot adopt any prior pleadings, should also include the claims being asserted against Corizon Health.

Done this 31st day of August, 2015.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE